09-0400-ag
Mousa v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of November two thousand and nine.

Present:     ROGER J. MINER,
             ROSEMARY S. POOLER,
             ROBERT A. KATZMANN,
                     Circuit Judges.

_____

ASSEM ABDEL HALIM MOUSA,

                         Petitioner,

             -v-                                                09-0400-ag

ERIC H. HOLDER, JR., Attorney General of the
United States,

                         Respondent.

_____

For Petitioner:        Parker Waggaman, Law Offices of Parker Waggaman, P.C., New York, NY.

For Respondent:        Paul Fiorino, Trial Attorney (Tony West, Assistant Attorney General, and Richard M. Evans, Assistant Director, on the brief), Office of Immigration Litigation, Washington, DC.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the Board of Immigration Appeals' decision is **DENIED**.

Petitioner Assem Abdel Halim Mousa petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an immigration judge ("IJ") that determined Mousa was removable and denied him cancellation of removal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We lack jurisdiction to review a final removal order against an alien removable for having committed a crime of moral turpitude, 8 U.S.C. § 1252(a)(2)(C), but retain jurisdiction to review "constitutional claims or questions of law." Id. § 1252(a)(2)(D). Mousa asserts that the record of conviction is inaccurate. This argument suggests a claim that the government has not demonstrated by clear and convincing evidence that he was convicted under South Carolina Code of Laws Section 38-55-540(A)(2). See Singh v. U.S. Dep't of Homeland Sec., 526 F.3d 72, 78 (2d Cir. 2008) (stating that the government must show by "clear, unequivocal, and convincing evidence" that the alien was convicted of a crime of moral turpitude (quotation marks omitted)). An IJ can properly rely on "[a]n official record of judgment and conviction" as proof of an alien's conviction. 8 U.S.C. § 1229a(c)(3)(B)(i). The record of conviction here states that Mousa pleaded guilty to making a false statement in violation of South Carolina Code of Laws Section 38-55-540(A)(2). The IJ permissibly relied on the record as proof of the fact of Mousa's conviction. To the extent Mousa asserts that his plea was not knowing and voluntary, this argument is not cognizable on a petition for review of a final removal order. See Arriaga v. Mukasey, 521 F.3d 219, 224 (2d Cir. 2008) ("[C]ollateral attack on a state criminal conviction is not available on a petition to review the BIA's removal decision.").

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By_____

2